[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15883
Non-Argument Calendar

_____

D. C. Docket No. 03-00196-CV-2

FEILBERTO ROBERTO FLORES,

Petitioner-Appellant,

versus

ROBERT MCFADDEN, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 24, 2005)

Before ANDERSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Feilberto  Roberto  Flores,  a  pro  se  federal  prisoner,  appeals  the  district

court's dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which he argued that he was sentenced based on charges that were dismissed, his sentence was enhanced based on a nonexistent charge, and his defense attorney and the prosecutor improperly colluded during his sentencing. The district court found that 28 U.S.C. § 2255's savings clause did not apply such that he could raise his claims in § 2241 petition. On appeal, Flores argues that he is "actually innocent" based on the claims described above.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Accordingly, a court may entertain a § 2241 petition attacking

2

custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255.

We have established that the savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see also Sawyer, 326 F.3d at 1365-66 (applying the three-part Wofford test). In order for a prisoner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. As we have made clear, all three criteria will be met in only the narrowest of circumstances. Wofford, 177 F.3d at 1244. A petitioner may not argue actual innocence until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. Id. at 1244 n.3.

The district court did not err by dismissing Flores's § 2241 petition. Flores is precluded from seeking relief under § 2241 because § 2255's savings clause does not apply. Flores has filed the present § 2241 petition in an effort to circumvent the rules limiting the scope of successive § 2255 motions. Also, Flores

3

cannot meet the first prong of the test in <u>Wofford</u> because he has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision, and thus we need not address the remaining prongs. <u>See</u> <u>Wofford</u>, 177 F.3d at 1244-45.

Flores also claims actual innocence. Because Flores is attempting to circumvent § 2255's prohibition against successive motions and because all of his arguments for relief fail the <u>Wofford</u> test, we need not reach the issue of actual innocence. Flores cannot establish actual innocence because he is unable to "open a portal" to a § 2241 proceeding by establishing that the savings clause applies to him.

Upon a review of the record and upon consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**[1]

---

[1] Moreover, Flores's claims of actual innocence are merely conclusory and would, in any event, be insufficient.